**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DARYL M. BROADY                                                                    PETITIONER
ADC #161128

v.                                              4:24-cv-00254-BRW-JJV

STATE OF ARKANSAS                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  Your objections must be received in the office of the United States District Court Clerk

no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

**I.      BACKGROUND**

Petitioner Daryl M. Broady is an inmate at the Tucker Unit of the Arkansas Division of

Correction, serving a sentence of fifteen years' imprisonment after being convicted of second-

degree murder in 2022 in the Circuit Court of Jefferson County, Arkansas.  (Doc. No. 1 at 5-7.)

He has filed a *pro se* pleading that has been construed as a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241.  (*Id*. at 1-4.)  The pleading is actually entitled "Motion for Speedy

Trial" and is written on a form apparently used in Arkansas state courts.  In it, Mr. Broady alleges

he has not yet been brought to trial on a misdemeanor speeding charge.  (*Id*. at 1-2.)  He does not

specify when the speeding ticket was issued or in what court the charge remains pending.[1]  (*Id*.)

Mr. Broady cites Arkansas Rules of Criminal Procedure 27.1(b) (generally requiring Arkansas

courts to give precedence to the trials of defendants who are incarcerated) and 29.1 (requiring

prosecutors to promptly seek to obtain the presence of a prisoner for trial).  (*Id*. at 2.)  For relief,

he requests, *inter alia*, a speedy trial on the misdemeanor charge or dismissal with prejudice.  (*Id*.)

      I have conducted a preliminary review of Mr. Broady's Petition pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts, made applicable to other

types of habeas corpus petitions under Rule 1(b).  Based on that review, it plainly appears Mr.

Broady is not entitled to relief.  Accordingly, I recommend the Petition be dismissed without

prejudice.

## II.  ANALYSIS

      Although habeas corpus is generally a post-conviction remedy, a state court defendant

seeking to litigate the authority of his pretrial detention may bring a habeas petition pursuant to 28

U.S.C. § 2241.  *See, e.g.*, *McKee v. Kelley*, No. 4:19-cv-00075-KGB-JJV, 2019 WL 3824186 (E.D.

Ark. Aug. 15, 2019).  To do so, the petitioner must be in custody, pursuant to § 2241(c), and must

have exhausted his available state remedies.  *Id*. at 2 (citing, *inter alia*, *Dickerson v. Louisiana*,

816 F.2d 220, 225 (5th Cir. 1987) (despite the absence of an exhaustion requirement in §

2241(c)(3), "a body of case law has developed holding that although section 2241 establishes

jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should

---

[1] A review of state court records shows only one speeding ticket issued to Mr. Broady.  He pleaded guilty to the charges of speeding and seatbelt not used in 2012 and paid the relevant fines.  *See State of Arkansas v. Daryll M. Broady*, LRTR-11-20642, https://caseinfonew.arcourts.gov (last accessed April 22, 2024).

abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner")).

Mr. Broady does not meet these basic requirements. First, he is not in custody as required by § 2241(c). Although he is currently incarcerated at the Arkansas Division of Correction, that incarceration is the result of his second-degree murder conviction, not the speeding charge for which he seeks a speedy trial. Thus, Mr. Broady is not a pretrial detainee and does not attempt to challenge the authority of his pretrial detention. Second, it does not appear that Mr. Broady has sought relief in state court for the purported speedy-trial violation, despite the fact that such procedures are available to him.

Moreover, Mr. Broady's Petition fails to allege a violation of federal law and asserts only a violation of state speedy-trial rules, which, "taken alone, does not present a federal claim reviewable [i]n habeas." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994), *cert. denied*, 514 U.S. 1024 (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")).

Additionally, the rule of *Younger v. Harris*, 401 U.S. 37 (1971), generally requires a federal court to abstain from interfering in an ongoing state court prosecution. Rooted in principles of comity and federalism, *Younger* holds that injunctive relief is unavailable unless a petitioner can show he will suffer "irreparable injury" absent injunction. *Id*. at 46. Where a federal injunction is sought against ongoing criminal proceedings in state court, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and

> immediate.   Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id*. (internal citation and quotation marks omitted).  Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45.

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  Courts have defined "unusual circumstances" narrowly.  Claims involving double jeopardy, for example, are permitted because the right cannot be fully vindicated on appeal after final judgment.  *See, e.g.*, *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause.") (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992)).

A federal court can also entertain a pretrial habeas petition in which a petitioner alleges a violation of his constitutional right to speedy trial, but only if the requested relief is an immediate trial.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-93 (1973); *Atkins v. People of State of Michigan*, 644 F.2d 543, 546-48 (6th Cir. 1981).  When a petitioner asserts a violation of his right to a speedy trial and seeks dismissal of the charges against him, he must wait to file a federal habeas corpus petition until after his state trial has been completed and the case

has been concluded in the state courts. *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 n. 5 (1st Cir. 2000); *Briley v. Arkansas*, No. 5:04-cv-00255-BRW (E.D. Ark. Aug. 13, 2004), *adopted by order of district court* (E.D. Ark. Sept. 3, 2004), *aff'd*, No. 04-3647 (8th Cir. July 21, 2005) (unpublished); *Amos v. Outlaw*, No. 2:07-cv-00109-JLH-JFF, 2007 WL 3102198, at 4 (E.D. Ark. Oct. 23, 2007). Therefore, to the extent Mr. Broady seeks dismissal of the speeding charge with an absolute bar to prosecution, his claim would not be excepted from *Younger*, even if it were a constitutional claim.

Under *Younger*, absent those unusual circumstances, state officials charged with the duty of prosecuting state offenders "must decide when and how this is to be done." 401 U.S. at 45. Rather than seeking intervention from the federal courts, the accused should "set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection." *Id*. (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). This Mr. Broady has not done. *Younger* abstention is appropriate.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Broady's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 22nd day of April 2024.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5